# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        CIVIL ACTION NO. 3:25-0175

CLARA ANN MASON, DVM

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Dr. Clara Ann Mason's Motion to Set Aside Default Judgment. ECF No. 15. For the following reasons, the Court **DENIES** the Motion.

On March 19, 2025, Plaintiff United States of America filed a complaint against Clara Ann Mason, DVM, alleging failure to properly keep records of controlled substances in connection with her veterinary license. *Compl.*, ECF No. 1. According to Plaintiff, after multiple attempts to serve Defendant, on May 7, 2025, two Drug Enforcement Administration special agents went to Defendant's home and physically handed her the Complaint and Summons. *Pl.'s Resp. to Def.'s Mot. to Set Aside Default J.* 4, ECF No. 18. Record of such service was filed with the Court. *Summons Returned Executed,* ECF No. 4. On May 30, 2025, after Defendant's failure to respond, the Court directed the Clerk of the Court to issue an Entry of Default against Defendant which was then entered on the same day. *Order Directing the Clerk to Enter a Default,* ECF No. 6; *Entry of Default by Clerk*, ECF No. 7. A certified copy of the Entry of Default was sent to Defendant and Plaintiff provides records from USPS showing Defendant's signature and receipt. *See Return*

*Receipt Card*, ECF No. 8; United States Postal Service Letter (June 13, 2025), *Pl.'s Ex. 5*, ECF No. 18-5.

On July 31, 2025, this Court entered Default Judgment against Defendant in the total amount of $956,709. *Order Granting Pl.'s Mot. for Default J.*, ECF No. 13.

The total amount of $956,709 is comprised of the following:

> Count I: Forty-four separate violations of 21 U.S.C. § 842(a)(5) for Defendant Clara Mason's failure to keep or produce DEA 222 order forms as required by 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.22(c), assessed at $18,759 each, for a total civil penalty of $825,396.
> Count II: Six violations of 21 U.S.C. § 842(a)(5) for failure to make, keep, or furnish a record of dispensing of controlled substances as required by 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.22(c), assessed at $18,759 each, for a total civil penalty of $112,554.
> Count III: One violation of 21 U.S.C. § 842(a)(5) for failure to take or produce a biennial inventory as required by 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(c), assessed at $18,759.

*Id.* at 3.

Defendant now requests that the Court set aside the Default Judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(1) or 60(b)(6).

The Fourth Circuit has expressed a strong preference for judgments on the merits, however, whether a default is set aside rests within the sound discretion of the district court. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside entry of default for "good cause shown."

The Fourth Circuit has instructed district courts should consider:

> [1] whether the party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne*, 439 F.3d at 204–05 (citations omitted). The burden on the movant seeking relief increases once a default judgment has been entered. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 420. Rule 60 provides six grounds for relief, those relevant here include that a "court may relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." F. R. Civ. P. 60 (b)(1), (b)(6). "The remedy provided . . . is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979). This standard is more demanding than a motion under 55(c) because relief from default order does not impact an interest in finality like relief from a default judgment does. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 420.

The factors considered to set aside an entry of default are also considered when evaluating whether to set aside a default judgment. *Id.* However, when seeking relief under Rule 60(b), the analysis begins by considering the factors of timeliness, presence of a meritorious defense, and unfair prejudice to the opposing party if relief is granted. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Then, if the threshold factors are shown, the moving party must justify the failure to avoid default judgment with an acceptable excuse under Rule 60(b). *Park Corp.*, 812 F.2d at 896. In applying these criteria to the present case, the Court **DENIES** the Motion to Set Aside Entry of Default Judgment.

The Court will briefly address the first and third considerations. First, Defendant moved for relief within a week of entry of default judgment, clearly satisfying the requirement that a motion for relief under Rule 60(b)(1) is filed within a year of the entry of judgment. F. R. Civ. P. 60(c). Next, the Court does not find that Plaintiff would be unfairly prejudiced if the default judgment were set aside. Indeed, Plaintiff does not argue prejudice and expresses an intent

to assert additional violations if the Court sets aside the default judgment. *Pl.'s Resp. to Def.'s Mot. to Set Aside Default. J.* 2 n. 1.

While the above factors sway in Defendant's favor, she has not asserted the essential factor of a meritorious defense. *Compton*, 608 F.2d at 102 ("Thus, courts require that a movant under Rule 60(b) assume the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule."). The Fourth Circuit explains, "[a] meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citations omitted).

Defendant asserts "she may have a meritorious defense" including that: (1) she has been acting under duress from her crippling illness leading to excusable neglect; (2) may not be competent or able to appropriately address the allegations; (3) she did not distribute opioids outside of her practice but instead, used them during animal euthanasia procedures; and (4) that she has not profited from any alleged acts. *Mot. to Set Aside Default J.* 4, ECF No. 15.

Defendant argues her medical condition and resulting hospitalization has impacted her ability to respond to the allegations. *Id.* at 1. Defendant also asserts she was never personally served and has no recollection of signing any documents relating to this lawsuit, but she has not provided adequate verification as further addressed below. *Id.* The declarations provided by Plaintiff support the fact that Defendant was personally served a copy of the Summons and Complaint. *Portia Durrett Decl.,* ECF No. 18-3; *Kevin Joestlein Decl.*, ECF No. 18-4. While Defendant argues she does not remember signing documents relating to this lawsuit, she does not contest the validity of her signature. *Mot. to Set Aside Default J.* 1; United States Postal Service Letter (June 13, 2025).

Defendant has not requested relief based on insufficiency of service under a Rule 60(b)(4) assertion that the judgment is void.

Plaintiff argues that the defense of how the controlled substances were used does not negate the record-keeping failures that were charged. *Pl.'s Resp. to Def.'s Mot. to Set Aside Default J.* 6–7. Additionally, the unsupported defense that the pills were used during euthanasia procedures is negated by Defendant's personal and veterinary assistant of six years' declaration. *Amy Ferguson Decl.*, ECF No. 18-6, at 2 ("During the time I was employed by Dr. Mason, I personally observed her routinely consume and abuse controlled substances she ordered from veterinary suppliers . . . I observed her many times when she appeared to be under the influence of drugs including nodding off and appearing high while driving, while treating animals, and during other activities . . . I routinely accompanied Dr. Mason and was in a position to observe her while she treated animals as part of her practice . . . Dr. Mason's routine practice was to administer two shots to an animal being euthanized. Although Dr. Mason did frequently perform in home euthanasia on dogs and other animals, to my knowledge none were ever administered pills as part of the process . . . I never observed Dr. Mason administer oxycodone or hydrocodone to any animal during my association with her nor did I see anyone else do so on her behalf."). Plaintiff asserts that "even taken as true Dr. Mason's assertion fails to constitute a meritorious defense because even if she used them for a proper purpose *she still didn't properly account for where the drugs went.*" *Pl.'s Resp. to Def.'s Mot. to Set Aside Default J.* 7. Further, Plaintiff notes, if the records provided by Defendant were valid, it still does not provide a defense for failures under Count I and Count III. *Id.* Defendant does not provide any defense for her failures in recordkeeping to contest Defendant's supportive evidence. *See Ferguson Decl.*, at 2 ("During my association with Dr. Mason and her practice I never saw a dispensing log recording her dispensing of controlled substances or an inventory of

controlled substances on hand . . . Dr. Mason told me that if her practice was ever inspected by the Veterinary Board that they would just 'fudge the books[.]'"). Defendant's claim that she did not profit from the alleged acts is insufficient for the same reason – it does not present a defense that addresses the underlying charges. Defendant has not asserted a meritorious defense.

Lastly, as noted above, Defendant must have an acceptable excuse for her conduct. The Defendant claims entitlement to relief under Rule 60(b)(1) for excusable neglect and under Rule 60(b)(6) for "any other reason that justifies relief." *Mot. to Set Aside Default J.* 2–3. On October 14, 2025, the Court ordered Defendant to provide documentation verifying the medical conditions and hospitalization asserted as her excusable neglect. *Order Directing Def. to Submit a Suppl. to her Pending Mot. to Set Aside Default J.*, ECF No. 19. Defendant did not fulfill the Court's directive. That failure provides additional indication to the Court that setting aside the Default Judgment would be futile.

Defendant has failed to adequately satisfy the relevant factors in a Rule 60(b) motion. In result, the Court **DENIES** Defendant's Motion to Set Aside Default Judgment. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER:   November 4, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE