IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:25-0175

CLARA ANN MASON, DVM

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Dr. Clara Ann Mason's Motion to Reconsider this Court's Memorandum Opinion and Order, ECF No. 20, denying Defendant's Motion to Set Aside Default Judgment. ECF No. 26. For the following reasons, the Court **DENIES** the motion.

### I.　　BACKGROUND[1]

The unconventional procedural posture of this case follows. Plaintiff United States of America filed a complaint against Clara Ann Mason, DVM, alleging failure to properly keep records of controlled substances in connection with her veterinary license. *Compl.*, ECF No. 1. After Dr. Mason's failure to respond, the Court directed the Clerk of the Court to issue an Entry of Default against Dr. Mason which was then entered on the same day. *Order Directing the Clerk to Enter a Default*, ECF No. 6; *Entry of Default by Clerk*, ECF No. 7.

---

[1] Additional details can be found in this Court's denial of Dr. Mason's Motion to Set Aside Default Judgment. *See United States v. Mason*, No. CV 3:25-0175, 2025 WL 3083082 (S.D. W. Va. Nov. 4, 2025), at *1.

On July 31, 2025, this Court entered Default Judgment against Dr. Mason in the total amount of $956,709. *Order Granting Pl.'s Mot. for Default J.*, ECF No. 13. The total amount is comprised of the following:

> Count I: Forty-four separate violations of 21 U.S.C. § 842(a)(5) for Defendant Clara Mason's failure to keep or produce DEA 222 order forms as required by 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.22(c), assessed at $18,759 each, for a total civil penalty of $825,396.
> Count II: Six violations of 21 U.S.C. § 842(a)(5) for failure to make, keep, or furnish a record of dispensing of controlled substances as required by 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.22(c), assessed at $18,759 each, for a total civil penalty of $112,554.
> Count III: One violation of 21 U.S.C. § 842(a)(5) for failure to take or produce a biennial inventory as required by 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(c), assessed at $18,759.

*Id.* at 3.

In early August 2025, Dr. Mason moved to set aside the Default Judgment.[2] The Court ordered Dr. Mason to provide documentation verifying the medical conditions and hospitalization asserted as excusable neglect to justify relief under Federal Rule of Civil Procedure 60(b). *Order Directing Def. to Submit a Suppl. to her Pending Mot. to Set Aside Default J.*, ECF No. 19.

---

[2] *Def.'s Mot. to Set Aside Default J.*, ECF No. 15. Asserted defenses included:

> a. The Defendant has been acting under duress from her crippling illness such that many of the allegations herein may be attributed to excusable neglect;
> b. That the Defendant may not be competent and thus unable to appropriately address the issues before her, and the gravity of the allegations contained therein;
> c. The Defendant denies that she individually used nor did she distribute any opioids outside of her veterinary practice; she further asserts that the opioids were used in the process of euthanize[ing] animals that were unduly suffering as a result of illness and/or injury;
> d. Further, the Defendant asserts that she has not profited in any manner from the acts alleged herein, but rather asserts that she has been completely impoverished by her health conditions which have made it physically impossible for her to maintain her veterinary practice.

*Id.* at 4. The Court's evaluation of such defenses is contained within *United States v. Mason*, No. CV 3:25-0175, 2025 WL 3083082.

Dr. Mason did not supplement the record as requested to do so by October 24, 2025. Subsequently, on November 4, 2025, the Court denied Dr. Mason's Motion to Set Aside the Default Judgment. *See United States v. Mason*, No. CV 3:25-0175, 2025 WL 3083082. Dr. Mason lacked a meritorious defense and did not sufficiently support a finding of excusable neglect. *Id.* at *3.

As of November 24, 2025, Dr. Mason requests that this Court reconsider such denial of relief based on Dr. Mason's counsel's accidental failure to supplement the record and requests permission to provide the previously requested documents. *See Mot. to Recons.* 1–2, ECF No. 26. Such documents were filed under seal. *Def.'s Sealed Doc.*, ECF No. 27.

## II.  STANDARD OF REVIEW

As the pending motion asks the Court to alter an order denying the setting aside of a default judgment, the Court considers the merits under the standard for setting aside a default judgment. The Fourth Circuit has expressed a strong preference for judgments on the merits, however, whether a default is set aside rests within the sound discretion of the district court. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). A Court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). F. R. Civ. P. 55(c). When seeking relief under Rule 60(b), the analysis begins by considering the factors of timeliness, presence of a meritorious defense, and unfair prejudice to the opposing party if relief is granted. *See United States v. Mason*, No. CV 3:25-0175, 2025 WL 3083082, at *2 (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). If the threshold factors are met, the movant must justify the failure to avoid default judgment with an acceptable excuse under Rule 60(b). *Park Corp.*, 812 F.2d at 896. Rule 60(b) provides in part that "on motion and upon such terms as are just, the court

may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." F. R. Civ. P. 60(b).

### III. DISCUSSION

Dr. Mason moves the Court to reconsider, arguing a meritorious defense exists and requesting that the Court consider the overdue medical records in making its decision. *See Mot. to Recons.* 2. The Court begins by discussing the medical records Dr. Mason has since provided under seal.[3]

Dr. Mason indicated that she was hospitalized on the following dates: May 13-30; June 1-19; July, for the entire month; July 13-27 at Easton Memorial Hospital; August 2-4 at Easton Memorial emergency department; and a prospective three-month nursing home placement as of August 6, 2025. *Def.'s Mot. to Set Aside Default J.* 3, ECF No. 15. The records suggest intermittent appointments for treatments and transfusions. *See Def.'s Ex.* A–L, ECF No. 27-2–22. The records do not contain confirmation of hospitalization on the specifically asserted dates aside from treatment on May 27, 2025, and June 4, 2025. *Id*; *Def.'s Ex. J*, ECF No. 27-20, at 7. They also contradict Dr. Mason's defense of a lack of competency. *Def.'s Ex. I*, ECF No. 26-16, at 3–4. The Court agrees with Plaintiff's assertion that the supplemented records do not substantiate

---

[3] Although Dr. Mason's failure to supplement the record was not the sole reasoning for this Court's denial of Dr. Mason's Motion to Set Aside Default Judgment, the Court considers the provided documents in this motion, as "justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). Ultimately, the Court finds the same result, denial of the motion to set aside default judgment, would have occurred had Dr. Mason's counsel supplemented the record as requested.

Dr. Mason's claim that her medical conditions are a meritorious defense to the underlying violations. *Pl.'s Resp. to Def.'s Mot. to Recons.* 2–3, ECF No. 29. Plaintiff accurately states that medical challenges post-October 2023, when the administrative inspection warrant was issued and executed, do not bear on her pre-dated failures to comply with record-keeping duties. *Id*. The Court does not find the medical records support a meritorious defense to the asserted violations. Dr. Mason's medical challenges may qualify as excusable neglect if a meritorious defense is found. A meritorious defense is a threshold question in the Fourth Circuit's framework for Rule 60(b) relief. *See Nat'l Credit Union Admin. Bd.,* 1 F.3d at 266.

A meritorious defense need not be established by a preponderance of the evidence. *Cent. Operating Co. v. Util. Workers of Am., AFL-CIO*, 491 F.2d 245 n.8 (4th Cir. 1974). The Fourth Circuit has held that a meritorious defense requires "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party" or establish a valid counterclaim. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (citations omitted).

Plaintiff accurately indicates that Dr. Mason did not assert even partial compliance with the recording requirements that underly the violations. *Pl.'s Resp. to Def.'s Mot. to Recons.* 3. That is, until Dr. Mason's Reply to Government's Response to her Motion to Reconsider, indicating that she "provide[d] records and the requested documentation, it's just that the government rejects the validity of the quality of the same[.]" *Def.'s Reply to Pl.'s Resp.* 2, ECF No. 32. Dr. Mason acknowledges her "negligent failure to make, keep, or furnish required purchasing, dispensing and inventory records for schedule II, III and IV controlled substances," however, she argues "that does not mean she is in violation of all allegations set forth within Plaintiff's Complaint, nor does

it mean that every alleged count is accurate to the extent alleged by government." *Id.* Dr. Mason further notes:

> Plaintiff has possession of the Defendant's records such that she no longer has access to the same for her own review and assessment. As such, the quality and quantity of said records cannot be adequately evaluated, but rather she is left to take the government's word that her documents are inadequate; a determination that is the purview of a jury.

*Id.* at 3.

While validity of the allegedly falsified records could reduce culpability and qualify as a partial defense to the extent of violations, the Court still finds Dr. Mason lacks a meritorious defense. A meritorious defense cannot be established by conclusory assertions. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967). In *Augusta Fiberglass Coatings, Inc.*, the Fourth Circuit deemed challenges to a default amount, rather than propriety of claims, to be a sufficient proffer of a meritorious defense. 843 F.2d at 812. There, the defendant was entitled to relief under Rule 60(b) and the case was remanded based on the district court's failed consideration of the defendant's attorneys' role in the default, and the asserted defenses and counterclaims, supported by affidavit, contesting a substantial portion of the sum stated in the default. *Id.* at 810, 812. Here, Dr. Mason's failure to engage in her defense was her own doing, as she was aware of the pending suit and only retained an attorney post-default. *Notice of Att'y Appearance*, ECF No. 14. Additionally, Dr. Mason does not argue that the records are valid, nor does she provide evidence surrounding the validity of the records. Dr. Mason claims by providing the records to the Government, she can no longer analyze and argue the validity of the same. *Def.'s Reply to Pl.'s Resp.* 3. However, Dr. Mason only asserted this defense in reply to the now-pending Motion to Reconsider.

Further, the only documentation of controlled substances that Dr. Mason has allegedly provided are dispensing logs relating to Count II and III. *See Compl.* 6; *Pl.'s Mot. for Entry of Default J.* 3, ECF No. 11. At no point has Dr. Mason argued evidence exists to counter Count I, forty-four separate violations of 21 U.S.C. § 842(a)(5) for failure to keep or produce DEA 222 order forms as required, resulting in a total civil penalty of $825,396.[4] As such, granting this motion would be futile.

Plaintiff now claims that prejudice may result from granting Dr. Mason's requested relief, arguing that Dr. Mason is alienating her properties by transferring her interest in her Maryland property to her brother and by a pending sale of her West Virginia property. *Pl.'s Resp. to Def.'s Mot. to Recons.* 4.

While Dr. Mason argues entitlement to a jury trial for claims seeking monetary damages, Dr. Mason has defaulted and has failed to establish entitlement to relief under Rule 60(b). *Def.'s Reply to Pl.'s Resp.* 3.[5] Dr. Mason has not provided case law indicating a court's inability to determine civil penalties nor has she challenged this Court's determination of the amount

---

[4] Despite Dr. Mason only raising this argument in reply to the pending motion, Plaintiff argued in response to the Motion to Set Aside Default Judgment that "Dr. Mason fails to even allege a defense relevant to the forty-four violations under Count I for failure to maintain and produce DEA Form 222 order forms or the one violation under Count III for failure to maintain a biennial inventory of controlled substances. Accordingly, Defendant has not even alleged a defense, let alone produced evidence supporting a defense, as to forty-five of the fifty-one violations addressed in the Court's Default Judgment." *Pl.'s Resp. to Def.'s Mot. to Set Aside Default J.* 7, ECF No. 18. According to Plaintiff's complaint, Dr. Mason also provided allegedly falsified records relevant to Count III. *Compl.* ¶ 54.

[5] *See Armeni v. Transunion LLC, Inc.*, No. 3:15-CV-00066, 2016 WL 7046839, at *2–3 (W.D. Va. Dec. 2, 2016) (persuasive decision compiling cases of the First, Fifth, Ninth, and Tenth Circuits determining that the constitutional right to a jury trial is extinguished post-default; however, the court made the discretionary decision to empanel a jury to determine punitive damages, notably, based on the plaintiff's request).

imposed.[6] The amount stated in the complaint was ultimately awarded and within the maximum threshold.[7]

## IV.  CONCLUSION

For the reasons stated above, Dr. Mason's Motion to Reconsider this Court's Memorandum Opinion and Order, ECF No. 20, is **DENIED**. ECF No. 26.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   December 19, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[6] The Court considered culpability, harm to the public, defendant's profit from the violations, and defendant's ability to pay. *Order Granting Pl.'s Mot. for Default J.* 1–2, ECF No 13 (citing *United States v. J. B. Williams Co.*, 498 F.2d 414, 438 (2d Cir. 1974)).

[7] *See also in re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000), certified question answered, 95 Haw. 33, 18 P.3d 895 (2001) ("When a complaint demands only a specific amount of damages, courts have generally held that a default judgment cannot award additional damages." (citations omitted)). The amount was within the maximum allowed under 21 U.S.C. § 842 and 28 C.F.R. § 85.5.